FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

# Sep 27, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRINIDY L.,[1] | |
|       Plaintiff, | No. 2:20-CV-00276-SAB |
|       v. | |
| COMMISSIONER OF SOCIAL | **ORDER GRANTING** |
| SECURITY, | **PLAINTIFF'S MOTION FOR** |
|       Defendant. | **SUMMARY JUDGMENT;** |
| | **DENYING DEFENDANT'S** |
| | **MOTION FOR SUMMARY** |
| | **JUDGMENT** |

Before the Court are cross-motions for summary judgment. ECF Nos. 14, 15. The motions were heard without oral argument. Plaintiff is represented by Chad L. Hatfield; Defendant is represented by Jordan Goddard and Tim Durkin.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382. After

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~1**

reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court grants Plaintiff's Motion for Summary Judgment, ECF No. 14, and denies Defendant's Motion for Summary Judgment, ECF No. 15.

## I.    Jurisdiction

On March 13, 2018, Plaintiff filed an application for supplemental security income. Plaintiff initially alleged a disability onset date of April 1, 2016, but at the hearing amended the onset of disability date to March 13, 2018, the date the application was filed.

Plaintiff's application was denied initially and on reconsideration. On December 10, 2018, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On August 29, 2019, Plaintiff appeared and testified at a video hearing held before ALJ R.J. Payne. Dr. Lynne Jahnke testified at the hearing, as did Jay Toews, Ed.D and Vocational Expert Sharon F. Welter. The ALJ issued a decision on September 5, 2019, finding that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on June 9, 2020. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on August 7, 2020. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~2**

under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~3**

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

## III.   Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~4**

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

For claims filed on or after March 27, 2017,[2] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ  considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including

_____

[2] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~5**

(i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend of the treatment relationship; (v) examination relationship; (4) Specialization; and (5) Other factors, including whether the medical source has familiarity with the other evidence or an understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

Supportability and consistency are further explained in the regulations:

(1) *Supportability.*
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.*
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~6**

herein.

At the time of the hearing, Plaintiff was 32 years old. While Plaintiff attended school, including special education classes, he eventually earned his GED.

In March 2011, when Plaintiff was 23, he was shot nine times by law enforcement, which resulted in fractures of the right femur, left tibia, and left humerus. He was also shot in the torso and hand. Plaintiff was able to rehabilitate and work for a time after the injuries.

He indicates he has significant pain from the rods that were placed in his legs. He has significant difficulties with trust and going outside, which have been exacerbated since he was released from jail in 2018. He reports that he is unable to leave the house about five days a week. He has nightmares and difficulty sleeping. He has difficulty watching TV and paying attention because he is focusing on what is happening outside and worrying if someone is trying to come through the door. He has attended counseling sessions but has a difficult time trusting his therapists. Plaintiff last used controlled substances in July 2017.

Notably, at the hearing, it appears that Plaintiff kept looking at the door and appeared apprehensive about being in the room. The ALJ attempted to reassure him by letting him know this was an informal hearing with only three people in the room, besides his representative. Even so, Plaintiff continued to look back at the door during the hearing.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 17. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 13, 2018. AR 17.

At step two, the ALJ identified the following medically determinable impairments: obesity; multiple gunshot wounds, fractures of the left humerus, left tibia, and right femur status post-surgical repair; adjustment disorder; anxiety

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~7**

disorder; attention deficit hyperactivity disorder (ADHD); personality disorder; posttraumatic stress disorder (PTSD): methamphetamine dependence; cannabis abuse; opioid abuse. AR 24. He ultimately found, however, that none of these physical and mental impairments, considered singly and in combination, significantly limit Plaintiff's ability to perform basis work activities. AR 24.

In the alternative, the ALJ proceeded to step five. The ALJ concluded that Plaintiff has a residual function capacity ("RFC") as follows:

> Can lift or carry up to 50 pounds occasionally and up to 25 pounds occasionally; can stand or walk up to six hours, and can sit up to six hours, or an eight-hour workday with normal breaks; can frequently climb ramps or stairs, but can never climb ladders, ropes, or scaffolds; can frequently balance, stoop, kneel, crouch, and crawl; but must avoid moderate exposure to hazards (such as machinery, unprotected heights, etc.); can understand, remember, and carry out simple instructions, and carry out short, routine work tasks in two-hour blocks between breaks; not well-suited to work with the public or closely with coworkers, but can interact for brief period of time on a superficial basis with others in a work setting.

*Id.* at 24-25.

The ALJ in the alternative found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, including fish cleaner, cleaner, housekeeping, and cafeteria attendant. AR 30.

## VI. Issues for Review

(1) Whether the ALJ erred in finding that Plaintiff did not suffer any severe impairments?

## VII. Discussion

Here, the ALJ erred in concluding that the record does not support a finding that Plaintiff suffers from severe impairments.

A "severe impairment" must "significantly limit[]" the claimant's "physical or mental ability to do basic work activities. 20 C.F.R. 404.1520(c). An impairment or combination of impairments may be found "not severe *only if* the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~8**

evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (emphasis in original) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). Thus, "[t]he severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs. Examples of these are walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting." S.S.R. 85–28. That said, when assessing the severity of whatever impairments an individual may have, the ALJ must assess the impact of the combination of those impairments on the person's ability to function, rather than assess separately the contribution of each impairment existing alone. *Id.* If it is not clearly established by the medical evidence that the claimant's impairments, when considered in combination, are not medically severe, the adjudication must continue through the sequential evaluation process. *Id.* The Social Security Administration has instructed ALJ's to exercise great care" in applying the not severe impairment concept. *Id.*

Step two, then, is "a de minimis screening device [used] to dispose of groundless claims," *Smolen,* 80 F.3d at 1290. In determining whether the ALJ's step two analysis is correct, the court must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that Plaintiff does not have a medically severe impairment or combination of impairments. *Webb*, 433 F.3d at 687.

The ALJ has an independent "duty to fully and fairly develop the record and to assure that the claimant's interests are considered. *Smolen*, 80 F.3d at 1288. Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~9**

1  appropriate inquiry. *Id.*

2      Here, substantial evidence does not support the ALJ's determination that
3  Plaintiff was not suffering any medically determinable severe impairments.
4  Notably, Dr. Jahnke noted that she was not able to examine the x-rays so that she
5  could not find any medically-determinable impairments. AR37-42. Dr. Jahnke
6  indicated that she was unable to determine what was causing the reduced range of
7  motion of his right knee and hip, due to the lack of x-rays. *Id.* The ALJ and Dr.
8  Jahnke then speculated as to the cause of Plaintiff's pain. *Id.*

9      The ALJ erred in failing to develop the record. *See Tonapetyan v. Halter*,
10 242 F.3d 1144, 1150 (9th Cir. 2001) (noting that even though the ALJ did not
11 specifically find that evidence was ambiguous, or that he lacked sufficient
12 evidence to render a decision, he relied heavily upon the testimony of the medical
13 expert who indicated the record was incomplete). Dr. Jahnke's opinions were
14 unhelpful because she explicitly indicated that she needed to review x-rays before
15 she could opine about Plaintiff's impairments. It was the ALJ's duty to ensure that
16 the record contained the necessary x-rays so that Dr. Jahnke could provide an
17 informed decision.

18     Additionally, it does not appear that Dr. Toews properly considered Dr.
19 Genthe's 2018 evaluation. Instead, he only focused on Dr. Chandler's evaluation in
20 concluding that Plaintiff suffered mildly from mild adjustment disorder with mixed
21 depressed mood and anxiety. In contrast, Dr. Genthe found that Plaintiff presented
22 with a history of problematic personality traits that appeared to impact his daily
23 activities and level of functioning. Dr. Genthe concluded that Plaintiff was unlikely
24 to function adequately in a work setting until his psychological symptoms have
25 been managed more effectively. He based his conclusions on the results of a
26 Personality Assessment Inventory. Upon questioning, Dr. Toews stated that while
27 he considered Dr. Genthe's opinion, he disagreed with his diagnosis. The Court is
28 not convinced that Dr. Toews adequately considered Dr. Genthe's opinion in

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~10**

forming his conclusions; thus, they are neither supportable nor consistent. Yet, the ALJ found Dr. Toews' opinion to be highly persuasive. This finding is not supported by substantial evidence.

Additionally, Dr. Toews indicated that he did not review the complete record, including Exhibit B3A. With respect to Exhibit B3A, Drs. John Gilbert, Brown, and Wolfe concluded that Plaintiff had severe medically determinable impairments, including fractures of EU, LE, as well as depressive disorders and anxiety. These findings do not support the ALJ's conclusion that Plaintiff does not have any medically determinable severe impairments. Notably, the assessment conducted by these doctors concluded that Plaintiff had exertional limitations, which is explicit recognition that he is suffering from a medically determinable impairment that has more than a minimal on Plaintiff's ability to work. They noted that Plaintiff has moderate limitations to complete a normal workday and workweek and limitations in social interaction. Again, these findings do not support the ALJ's findings that Plaintiff was not suffering *any* medically determinable severe impairment.

The ALJ erred in failing to recognize that the record supports the finding that Plaintiff suffers from medically severe impairments and also erred in failing to ensure the record was adequately developed. Consequently, it does not appear that Plaintiff's interests were adequately considered. As such, remand is appropriate to permit the ALJ fully develop the record and to conduct a proper sequential evaluation.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, ECF No. 14, is **GRANTED**.

2.    Defendant's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

3.    The decision of the Commissioner is **REVERSED** and **REMANDED**

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~11

for proceedings consistent with this Order.

       4.     Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 27th day of September 2021.



          Stanley A. Bastian
    Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~12**